In the Matter of the Estate of CORNELIUS A. CASEY, Deceased. ELIZABETH M. CASEY, as Executrix of CORNELIUS A. CASEY, Deceased, Appellant; JOHN HOWE, Respondent.

Third Department, August 1, 1961.

136

[redacted]

*Walter H. Wertime* (*John R. Davison* and *Ernest B. Morris* of counsel), for appellant.

*McChesney & Kenney* (*Lindsley McChesney* and *Thomas V. Kenney* of counsel), for respondent.

*Per Curiam.* Claimant has filed a claim for $8,519.31 against the estate of Cornelius A. Casey for the care of race horses during a period of over five years. The services were purported to have been rendered by claimant's assignors; and the Surrogate after a trial has allowed the claim in full. The claimant's proof of services rests on the testimony of an employee of the assignors which related to the periods in which horses, ownership of which was attributed to decedent, were cared for in the facility of the assignors, and the witness' opinion as to value of these services.

Although it seems a close question whether the claim ought not be remitted for a new trial because the proof is unsatisfactory in several respects, we have concluded that the record as a whole affords sufficient proof to sustain the findings of the Surrogate as to services rendered and their value. But in reaching his conclusion the Surrogate gave no credit for payments made by the decedent which were set forth in detail in the claim itself. Credit for these payments seems inescapable under the claim itself and its specifications unless it is possible to find for the claimant on a basis other than the theory of *quantum meruit,* the value of the services rendered.

It is the claimant's argument here that a statement by the executrix in her State estate tax return constitutes a sufficient basis to find the full amount of the claim and that it was unnecessary to rely on proof of *quantum meruit* value of the services. Although the statement in the tax return may possibly have some value as an admission against interest, depending on the weight which the trier of fact might attach to it, we are of opinion that standing alone it would not be sufficient to entitle claimant to a decree in the light of the issues raised, if this were the only proof in the case, and, indeed, the Surrogate's opinion indicated that " claimant did not rely solely upon the admission in the tax return ".

We think it important to examine this question. On June 30, 1959 the executrix swore to the estate tax return. In Schedule K she listed " debts of decedent ". The tax form instruction was to itemize " all valid debts of the decedent " and added that if the executor " contests any claim, that fact should be indicated ". There is some further advice in the instructions relating to the consequences between the reporting executor and the State Tax Commission which are not material between these parties and which could not possibly constitute an admission against interest.

In Schedule K along with 11 other creditors, the executrix listed the claimant and noted $8,519.31 for " maintenance of horses, training and care ". At this time, however, this claim had been formally rejected by the executrix. The claim was filed August 13, 1958 and rejected August 29. The executrix did not admit its validity in any judicial proceeding in which this claimant was concerned; and in November, 1959 claimant petitioned for a compulsory accounting and thereupon executrix filed an account in which she recited that she had rejected claimant's claim but had paid others.

From this record it is clear that as between these parties executrix was contesting the claim. The inference to be drawn from the tax return is equivocal. The Tax Department's instructions were to the effect if the executor contests a claim the fact " should be " indicated. The return and schedules themselves show they were prepared by an attorney and filed July 9, 1959. They consisted of 28 pages, and it would be a fairly harsh rule to attribute to the executrix any binding effect as an admission on a failure to " indicate " in accordance with a fine-print list of instructions on the bottom of the 28th page of a document prepared by her lawyer that the claim was being contested when in fact she had actually rejected it, and opposed it promptly and vigorously each time it was pressed. It must be borne in mind that she was required to list the claim

in the schedule, exactly as she did, whether she intended to contest it or not, and the attribution of admission which claimant seeks to draw, is not its inclusion in the schedule but the failure to make an "indication" of what she was in fact actually doing in the same court in which the schedule was filed, i.e., contesting it.

Thus we reach the conclusion that the tax schedule alone would not have been enough of an admission standing alone to make out a case for claimant. Indeed, the Surrogate did not himself treat the admission as sufficient to sustain the claim, although respondent argues on appeal it was enough. On this point the Surrogate said: "The admission by the executrix in the tax return has been taken by me as evidence together with the other facts adduced by the testimony that the estate was indebted to the claimant", but he noted that "I cannot agree that the claimant in this case, as stressed in his memorandum, could rest his case upon that admission and expect to recover."

The Surrogate added that the claimant "proceeding upon the theory of *quantum meruit* offered sufficient proof in my opinion to recover on that theory." This means, and it can mean nothing else, that the Surrogate found that proof of services was the basis on which he allowed $8,519.31. But to do that he had to take account of the payments which the claim itself pleads, and it is clear he did not take them into account.

The only answer the claimant makes to this on appeal is a point in his brief that "payment must be proved by the debtor". But a payment that the creditor sets up in his pleading certainly does not have to be proved by the debtor. If a creditor pleads a debt resting on services and also pleads credits by payments, and then proves the services but does not attack the accuracy of the payments as pleaded, resting his case without any reference to them, it is not easy to see how he can recover the full amount of the services without deducting the payments. This would be so even if all the services pleaded were not established. We do not perceive how payments conceded to have been made are any less payments whether the actual claim as proved is larger or smaller than pleaded. For example, if a man claimed to have made a loan of $100 upon which he pleaded a balance of $50 due because $50 had been paid, if all he established was $50 loaned, he would certainly be nonsuited.

It is no answer to this to say that the usual burden of pleading and proving payment is on the party sued; here the claimant himself did this for the executrix and left his pleading entirely unchanged throughout the proceeding. The total services claimed by respondent was $15,201.50. The Surrogate found

that this much had not been established, but that $11,874 had been established. He limited the allowance to $8,519.31, which was the amount of the claim filed. But in these computations he failed to allow credits of $8,179.14 as pleaded by claimant himself. Deducting this sum from $11,874, as found by the Surrogate, leaves a balance of $3,694.86. If the findings of the Surrogate are correct, as we assume they are, the claim as allowed should not exceed this sum. The decree should be modified on the law and the facts by reducing the amount found due on claimant's claim to $3,694.86 with appropriate interest, but without costs, and as thus modified, affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decree modified on the law and the facts by reducing the amount found due on claimant's claim to $3,694.86 with appropriate interest, but without costs, and as thus modified, affirmed, without costs.